SHELTON ET AL. *v.* MOSIER ET AL.

*Real property—Damage from overflow caused by mill dam—*
*Prescriptive right to overflow lands pleaded, how—Insuffi-*
*ciency of answer raised by objection to testimony—Right*
*not waived by failure to demur.*

1. Where damages are sought for injuries to real estate arising
   from an overflow caused by a milldam it is not a sufficient.
   defense to show that such dam has been maintained at the
   same height for more than twenty-one years. It must be
   further shown that the dam has been affecting the over-
   flowed lands to the same degree for that period.
2. The insufficiency of an answer is not waived by a failure to
   demur. The question may be raised on an objection to
   testimony in support of such answer.

(Decided November 25, 1924.)

ERROR: Court of Appeals for Gallia county.

*Mr. Henry W. Cherrington,* for plaintiffs in
error.
*Mr. Hollis C. Johnston* and *Mr. R. A. Howell,*
for defendants in error.

MAUCK, J. The plaintiffs, Claiborn B. Shelton
and others, brought their action against the de-
fendants, Benjamin Mosier and others, alleging
ownership of a farm in Gallia county, of which
seventy-five acres are bottom land, through which
flow Symmes creek and two of its tributaries.
They allege that the defendants own property
just below them, on which they maintain and

[1] Waters, 40 Cyc. pp. 677, 678; [2] Pleading, 31 Cyc.
pp. 729, 759.

operate a mill; that defendants maintain and operate a dam across Symmes creek, at the mill; that this dam obstructs the flow of water in Symmes creek and its tributaries and has caused the creek to fill up and have less carrying capacity; that in the summer of 1923 plaintiffs had planted a corn crop in the bottom land referred to, which was damaged by the water backed up by said dam; and that in the same way the defendants had damaged plaintiffs by causing the tile on the latter's land to become filled with muck. A money judgment was prayed for these damages. The defendants answered with two defenses. Under the first, after admitting the ownership by the two parties of the respective lands in question and the maintenance and operation of the dam by them, the defendants denied generally. Under the second, as amended at the trial table, the defendants pleaded "that they and those under whom they hold title have spent large sums of money in building said dam and mill and placing machinery therein, for the purpose of grinding grain by water power. That said dam and mill had been by these defendants, for more than sixty years next immediately preceding the bringing of this action, continuously, openly, notoriously and adversely to the plaintiffs, and those under whom they claim title as alleged in the petition, owned and maintained and operated and used for water power and that said dam is of the same height and operated in the same manner that it has been for the last sixty years or more."

Trial to a jury resulted in a verdict for defendants. Judgment was entered on the verdict, and

to reverse that judgment this proceeding in error was filed in this court. The principal question at issue here is whether the answer quoted was sufficient in law to make the defense that the defendants had a prescriptive right to cause the overflow.

There have been two views expressed as to the nature and extent of the right to dam a stream, acquired by prescription. These divergent views are set forth in the note to *Whitehair* v. *Brown,* 18 Ann. Cas., 217. The one view is that the right of the dam owner is fixed by the height of the dam and the way it is used by him. The other, and the better, view is that his rights are measured by the effect of the dam and its operation on the rights of others. That is to say, a man requires no prescription to secure his right to build a dam or other structure on his own land; what he requires is the right to overflow another's land. Accordingly, the maintenance and operation of a dam on one's land is not strengthened by the fact that it has been so used and maintained for twenty-one years. If, however, the dam has been for that period causing a neighbor's land to overflow he has by that prescription obtained another right, that is, the right to overflow that neighbor's land. The plaintiffs were accordingly right in asserting that the second defense was insufficient, in that to establish the prescriptive right defendants ought not only to have pleaded that the dam had been maintained and operated for twenty-one years substantially as it was operated in 1923, but that for all that period the effects of its maintenance and operation on the lands of the plaintiffs had been the same.

"When a right to flow upper lands rests in prescription only, *its extent is measured by the actual enjoyment of the easement,* and not by the height of the dam maintained.  *  *  *  And the extent of the right to flow land of another, acquired by adverse user, is not determined by the height of the dam, but is commensurate with the actual enjoyment of the easement as evidenced by the height to which the land of the owner of the servient tenement was habitually or usually flowed during the period of prescription." 27 Ruling Case Law, 1297.

The trial court charged the jury in accordance with this doctrine. He said that the defendants' prescriptive right required not only that the dam had been maintained for twenty-one years, but that "the injury to the plaintiffs' property resulting from the maintenance and operation of the dam has been substantially the same for more than twenty-one years."

While the instructions to the jury were correct, the answer was clearly insufficient, for it did not allege that plaintiffs' property had been overflowed for the prescribed period to substantially the same degree. The plaintiffs did not demur to the amended answer, but saved their rights by objecting to the reception of any evidence thereunder. This method of raising the question of the sufficiency of a pleading does not commend itself to us, but that it is, nevertheless, an effective method is well established. Some grounds of demurrer are waived by a failure to demur, but where the jurisdiction of the court or the legal sufficiency of a pleading is in doubt the question may be raised on the admission of testimony.

Judge Phillips, in his Code Pleading, Section 304, puts it thus:

"If a pleading does not state a cause of action or a defense, there is no right or defense to be maintained by the proof; and proof without allegation does not avail. It follows, therefore, that where a pleading is insufficient in substance the opposing party may, without demurring, generally avail himself of such insufficiency. He may do this in various ways, such as by objecting to the introduction of evidence at the trial, by motion in arrest of judgment, by motion for judgment *non obstante veredicto* or by writ of error."

We accordingly arrive at the conclusion that the court erred in admitting testimony in support of the answer quoted.

It might be thought that the maintenance of a dam at a fixed height would of necessity create a back water of a fixed stage, and that the difference in the two rules mentioned in determining prescriptive rights is a mere matter of language involving nothing of substance. Undoubtedly this is true in many cases. The difference in the two rules, however, is the outgrowth of experience, and it cannot be said as a matter of law that a six-foot dam in a given stream will create today the same back water effects that it created forty or twenty years ago.

In view of the correct charge given by the court we have carefully examined the record to ascertain if the record shows that the case was really tried on the issue as laid down by the court, or upon the issue as made by the pleadings, that is, whether the testimony ran to the effect of the dam

on the lands of the plaintiffs or the maintenance of the dam on the lands of the defendants, and find that the testimony was chiefly devoted to the dam's height, its repair and operation. The real question was, accordingly, not tried, and the verdict cannot stand.

For the reasons indicated the judgment is

*Reversed.*

MIDDLETON, P. J., and SAYRE, J., concur.